UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MITCHELL TAEBEL,<br><br>        Plaintiff,<br><br>        v.<br><br>DOJ,<br><br>        Defendant. | Case No. CV 18-06697-PA (JDE)<br><br>ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

## I.

## INTRODUCTION

On August 3, 2018, the Court received for filing a Complaint by Plaintiff Mitch Taebel ("Plaintiff"), proceeding pro se, against the United States Department of Justice ("DOJ"), alleging that his constitutional rights have been "breached" in that reports of a "capitol offense in progress" have been made, but the DOJ did not "uphold and faithfully execute the law." Dkt. 1 at 1. Plaintiff further alleges that tax funding, presumably of the DOJ, is justified on protecting the constitution and the rights of citizens and ensuring the integrity of state law enforcement. Id.  Plaintiff alleges he has been "legally kidnapped" and is unlawfully detained in violation of 42 U.S.C. § 242, the federal criminal civil rights statute. Id. Plaintiff "claims 100 billion." Id.

Plaintiff did not pay a filing fee or file a request to proceed in forma pauperis ("IFP"). Plaintiff included his booking number for the Lower Bucky Jail, located in Phoenix, Arizona ("Jail"), and identified the Jail as his residence. Id. The Court takes judicial notice of a prior filing by Plaintiff, with the same booking number, also indicating he resides at the Jail, in a case transferred by this Court to the District of Arizona. Mitchell Taebel v. Greg Stanton, No. 2:18-cv-02759-PA-JDE, Dkt. No. 1.

## II.
## PLAINTIFF NEITHER PAID THE MANDATORY FILING FEE NOR SOUGHT LEAVE TO PROCEED IN FORMA PAUPERIS

All parties instituting any civil action in a district court, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only leave to proceed IFP is granted under 28 U.S.C. § 1915(a). See Andrew v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007).

Plaintiff has not paid the $350 filing or $50 administrative fee, nor has he submitted a properly supported request to proceed IFP. Thus, his case cannot proceed. See 28 U.S.C. § 1914(a); Andrews, 493 F.3d at 1051.

## III.
## DISMISSAL IS MANDATED UNDER 28 U.S.C. § 1915A

This Court must, under 28 U.S.C. § 1915A(a), "review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a government entity." Upon such review, the Court "shall . . . dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails

---

[1] In addition to the $350 filing fee, civil litigants must pay an administrative fee of $50. See 28 U.S.C. § 1914 (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14). The additional fee does not apply to persons granted leave to proceed IFP. See id.

to state a claim upon which relief can be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Here, Plaintiff is a prisoner suing a government entity; as a result, this action is subject to the mandatory screening and mandatory dismissal if the complaint is frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief. As set forth further below, the Court finds the Complaint is frivolous, fails to state a claim, and seeks damages from a defendant who is immune from such relief, and therefore must be dismissed.

### A. Standard of Review

Dismissal for failure to state a claim can be based on either the lack of a cognizable legal theory or the absence of factual support for such a theory. See Mediondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984). Further, a case is frivolous if it is "'of little weight or importance: having no basis in law or fact.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (quoting Webster's Third New International Dictionary 913 (1993)).

Because Plaintiff is proceeding pro se, the Court liberally construes his pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). The

court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect ... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000). However, a court may deny leave to amend where further amendment would be futile. Id.

**B. The Governing Law**

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1993). The United States has not waived sovereign immunity with respect to constitutional claims for damages. Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991); see also Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997) ("The doctrine of sovereign immunity applies to federal agencies and to federal employees acting within their official capacities."). "Where a suit has not been consented to by the United States, dismissal of the action is required." Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).

Further, unless some other recognized constitutional right is implicated, there is no cognizable cause of action against law enforcement officers for the manner in which they investigate claims. Gomez v. Whitney, 757 F.2d 1005, 1005-06 (9th Cir. 1985). Stated another way, a civil rights plaintiff "does not have a constitutional right to have his complaints heard in a particular manner." Hanson v. Beck, No. CV 13-3274-SVW (JPR), 2013 WL 6732672 at *3 (C.D. Cal. Dec. 13, 2013) (dismissing § 1983 complaint alleging failure to investigate citizen complaints).

Here, as set forth above, the DOJ, an arm of the Federal Government, is immune from a civil rights suit for damages. Further, the purported basis for Plaintiff's claims – his disagreement with how the DOJ handled a complaint – is not a cognizable basis for a civil rights action. Procedurally and

substantively, Plaintiff's Complaint is frivolous, fails to state a claim, and seeks monetary relief from a defendant who is immune from suit. Further, the defects result from legal deficiencies that cannot be cured by amendment. The Complaint must be dismissed, without leave to amend, under 28 U.S.C. § 1915A(b).

IT IS THEREFORE ORDERED that the case be immediately DISMISSED.

Dated: August 8, 2018

PERCY ANDERSON
United States District Judge

Presented by:

JOHN D. EARLY
United States Magistrate Judge

5